(31 Misc. Rep. 78.)

In re MULRY'S ESTATE.

(Surrogate's Court, New York County.   March, 1900.)

EXECUTORS AND ADMINISTRATORS—ACCOUNTING—CONSOLIDATION.

Where all the parties interested in proceedings to compel an accounting by executors stipulated in writing, without a formal adjournment of the hearing, that the time to enter the order requiring them to file their accounts should be extended to a certain date, and the executors afterwards filed a petition before that date in voluntary proceedings for an accounting, a consolidation of the two proceedings was properly made under Code Civ. Proc. § 2727, authorizing the consolidation of such proceedings when the voluntary proceeding is commenced at or prior to the return of the citation in the compulsory proceeding.

Judicial accounting of the executors of the estate of James Mulry, deceased.   Motion to vacate an order by which proceedings to compel the executors to account was consolidated with voluntary proceedings for an accounting.   Motion denied.

Leslie, Miner & Bliss and David Thornton, for executors.

Andrew Byrne, for L. V. Mulry, executor.

William F. Moore, for Jane E. Manahan, executrix.

THOMAS, S.   The motion is to vacate an order dated February 6, 1900, by which a proceeding to compel the executors of the deceased to "render and settle" their accounts, under section 2727 of the Code of Civil Procedure, is consolidated with a voluntary proceeding for the same purpose, instituted by the executors, on the ground of a supposed misunderstanding by the court of the facts.   It is contended that the voluntary proceeding was not commenced at or prior to the return of the citation in the compulsory proceeding, and that the court is, therefore, without jurisdiction to make such consolidation.   In my memorandum of the decision of the former motion, I stated that the petition in the voluntary proceeding was filed "prior to the adjourned day of the return of the citation in the compulsory proceeding," and this is the fact now disputed and denied.   The original citation in the compulsory proceeding was returnable on October 31, 1899, and on that day the parties appeared in court, and, after some discussion, an oral direction was made that the accounts be filed on or before December 15, 1899.   No order was entered on this decision, and on December 14th the attorneys for all of the parties to the proceeding stipulated in writing that the time of the executors to file their accounts be extended to December 22, 1899, and that "the time to enter the order requiring the executors to file their accounts be extended to December 23d, if the accounts are not filed on or before December 22d."   On December 18th the executors filed their accounts, with a petition for settlement, upon which a citation was issued, and on the return of that citation the order consolidating the two proceedings was made.   It is true that no formal adjournment of the return day of the citation in the compulsory proceeding was made on the calendar of the surrogate by his order; but, if the stipulation of the parties that no order should be made in that proceeding until December 23d did not legally effect an adjournment of that proceeding until that

day, it at least estopped the parties to it from objecting to a disposition of the matter by the court, by which their agreement was adopted, and an adjournment was determined to have been made. On this construction the consolidation is justified and required by the strict language of the statute. To permit this accounting to be severed into two parts, and to accord to the two contending parties the right to prosecute two independent litigations in the same court, between the same parties, relative to the same fund, in which precisely the same questions may be litigated and the same decrees should be made, would result in great inconvenience, and much useless expense, and should be avoided, if possible. The consolidation, by the express language of the statute (Code Civ. Proc. § 2727), "does not affect any power of the surrogate which might be exercised in either proceeding," and, if any possible injury to any one could be shown to result, the order would be modified. As a matter of fact, no substantial right of any party in interest is in any degree impaired. In re Shipman, 82 Hun, 108, 112, 31 N. Y. Supp. 571; In re Hodgman (Sup.) 10 N. Y. Supp. 491. The motion to vacate the order is denied.

Motion denied.